IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01844-BNB

LARRY C. MILLER,

      Plaintiff,

v.

MR. BURL McCLELLAR, ACC/SOTMP (SOTMP Manager),
MR. SAMUEL DUNLAP, ACC/SOTMP (SOTMP Program Director),
MR. BRIAN KOCH, ACC/SOTMP (Primary Therapist),
MR. THOMAS OHLIN, ACC/SOTMP (Asst. Director),
MISS REEVIS, ACC/SOTMP Therapist,
MRS. MARQUEZ, ACC/SOTMP Therapist,
CO. SEXUAL OFFENDER MANAGEMENT BOARD, and
COLORADO DEPARTMENT OF CORRECTIONS (Tom Clements Executive Director),

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Larry C. Miller, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado.  Mr.

Miller has filed *pro se* a Prisoner Complaint (ECF No. 12) claiming that his rights were

violated while he was incarcerated at the Arrowhead Correctional Facility (ACC), also in

Cañon City, Colorado.  The court must construe the Prisoner Complaint liberally

because Mr. Miller is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, Mr. Miller will be ordered to file an amended complaint if

he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Miller's claims arise out of his termination from the DOC sex offender treatment program at the ACC.  According to Mr. Miller, he filed a series of grievances after being denied release on parole on February 2012 and, in retaliation for exhausting the DOC grievance procedure, he was terminated from the sex offender treatment program and transferred out of the ACC.  However, Mr. Miller fails to provide a short and plain statement of the specific claims he is asserting showing that he is entitled to

relief.  For one thing, it appears that Mr. Miller's first two claims redundantly raise the same retaliation issue.  If Mr. Miller's first two claims are intended to raise separate and distinct claims for relief, he must make clear what those claims are.  With respect to his third claim for relief in the Prisoner Complaint, Mr. Miller fails to identify the specific legal right that he contends was violated.

Mr. Miller also fails to allege, clearly and concisely, what each Defendant did or failed to do that violated his rights.  For instance, although Mr. Miller makes specific references to various individual Defendants within his first two claims for relief, he fails to link each of those Defendants and their alleged actions to the asserted violations of his constitutional rights.  It is not enough for Mr. Miller to allege in conclusory fashion that Defendants collectively retaliated against him without providing specific allegations that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson*, 149 F.3d at 1144; *see also Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991) ("Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.").  Mr. Miller refers in the Prisoner Complaint to a packet he contends he sent to the court in support of his claims in this action, but the court has not received any packet from Mr. Miller and, in any event, Rule 8 requires that Mr. Miller include in the complaint a clear and concise statement of the claims he is asserting.  Mr. Miller also fails to include any factual allegations that would link the Defendants identified as CO Sexual Offender Management Board and Colorado Dept. of Corrections (Tom Clements Executive Director) to any of the claims he is asserting in this action.

3

For these reasons, Mr. Miller will be directed to file an amended pleading that clarifies the specific claims for relief he is asserting and that includes a clear and concise statement of the facts that support each asserted claim.  For each claim he asserts, Mr. Miller must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right the plaintiff believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Miller must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To the extent Mr. Miller may be naming supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his

4

own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Finally, part of the relief Mr. Miller seeks is not appropriate in this action. Specifically, the court lacks jurisdiction to order a state agency to conduct an investigation and, to the extent Mr. Miller seeks to raise any claims regarding the validity or execution of his sentence, he must raise those claims in a habeas corpus action. Accordingly, it is

ORDERED that Mr. Miller file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Miller shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Miller fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 2, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge